MILLS, Judge,
dissents:
I dissent.
The deputy found that both Gonzalez and Wilson were engaged in a personal deviation when Gonzalez was shot by Fernandez. This finding is supported by competent substantial evidence and is not appealed by either party.
Also, the deputy found that an emergency was created by Fernandez shooting his pistol in the direction of Wilson and that Gonzalez was attempting to shield Wilson *1296 when he was shot. This is the issue appealed by the employer/carrier. I would reverse.
Larson states that “the scope of an employee’s employment is impliedly extended in an emergency to include the performance of any act designed to save life in which the employer has an interest.” 1A Larson’s Workmen’s Compensation 5-323.
There is no evidence that Fernandez intended to harm Wilson. To the contrary, the only evidence is that Fernandez was going to have fun by shooting near Wilson and scaring him. The employer/carrier had no interest in Wilson at the time of Gonzalez’ injury because Wilson had deviated from his employment. Not only had Wilson deviated, but Gonzalez had deviated also.
If Wilson had been shot, would his injury have been compensable? No. He had deviated. This being true, Gonzalez’ injury is not compensable because the employer/carrier had no interest in his effort to shield Wilson.
Gonzalez’ act was not a lifesaving rescue. He chose a needlessly dangerous method of assisting Wilson rather than a routine and nondangerous method.
Gonzalez’ injury did not arise out of and in the course of his employment.